# In the United States Court of Federal Claims

No. 14-838C
(E-Filed: September 24, 2014)

| | | |
|---|---|---|
| MERCOM CORPORATION, | ) ) | |
| Plaintiff, | ) ) ) | Post-award bid protest; RCFC 12(b)(1); lack of subject-matter jurisdiction; moot due to corrective action |
| v. | ) ) | |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

This is a post-award bid protest in which Mercom Corporation (plaintiff or Mercom) alleged that the agency arbitrarily rejected Mercom's proposal and failed to "seek verification or clarification of Mercom's price under Solicitation No. SAQMMA13R0297." Compl. ¶ 1, Sept. 9, 2014, ECF No. 1.  Mercom sought a permanent injunction requiring the United States Department of State (agency) to "seek verification or clarification from Mercom of its proposal price, to re-evaluate Mercom's proposal, and to make a contract award, as appropriate, consistent with the terms of the [Request for Proposal]." Id. at 13.

On September 16, 2014, the undersigned held the initial status conference in this matter, and thereafter entered a schedule for the filing of cross-motions for judgment on the administrative record. See Order, ECF No. 12. On September 19, 2014, defendant filed a notice informing the court that the agency intended to take corrective action, and requesting that the court vacate all scheduled due dates. Notice, ECF No. 14. On that same date, the court granted defendant's request and vacated all scheduled due dates. Order, ECF No. 15.

On September 24, 2014, defendant filed a sealed motion to dismiss plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the United States Rules of the Court of Federal Claims (RCFC). Def.'s Mot., ECF No. 16. Defendant reports that the agency

"has taken corrective action in this matter by re-evaluating Mercom's proposal, consistent with Mercom's clarification, and awarding Mercom an [Indefinite Delivery/Indefinite Quantity] contract." Id. at 4.  Defendant provided a copy of the September 19, 2014 letter contract advising of the agency's award to Mercom.  Def.'s Mot. Ex. 1, ECF No. 16-1.  The letter contract "is a written preliminary contract document that authorized the contractor [Mercom, Incorporated] to begin immediately performing services." Id. at 1. Accordingly, defendant asserts Mercom's protest is moot.  Def.'s Mot. 4.

Under certain circumstances, a court must dismiss for lack of jurisdiction a case determined to be moot.

> "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969).  We recognize that, as a general rule, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." United States v. W. T. Grant Co., 345 U.S. 629, 632 (1953). But jurisdiction, properly acquired, may abate if the case becomes moot because
>
> (1) it can be said with assurance that "there is no reasonable expectation . . ." that the alleged violation will recur, see id., at 633; see also SEC v. Medical Committee For Human Rights, 404 U.S. 403 (1972), and
>
> (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.  See, e. g., DeFunis v. Odegaard, 416 U.S. 312 (1974); Indiana Employment Security Div. v. Burney, 409 U.S. 540 (1973).
>
> When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law.

Cnty. of L.A. v. Davis, 440 U.S. 625, 631 (1979); see also, e.g., B & B Med. Servs., Inc. v. United States, 114 Fed. Cl. 658, 662 (2014) (dismissing case under RCFC 12(b)(1) after determining plaintiff's bid protest was moot).

As the agency has completed its re-evaluation of Mercom's proposal and has awarded Mercom a contract, there can be no reasonable expectation that the alleged violation will recur, and the agency's award of a contract to Mercom has completely and

irrevocably eradicated the effects of the agency's alleged violation.  Accordingly, the court finds that Mercom's case is moot.  See Davis, 440 U.S. at 631.

      For the reasons set forth above, pursuant to RCFC 12(b)(1), defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is **GRANTED**.  The Clerk is directed to enter judgment accordingly.

      IT IS SO ORDERED.

      s/ Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Chief Judge